**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-628C
(Filed: September 18, 2015)

NOT FOR PUBLICATION

**FILED**

**SEP 1 8 2015**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| ANTHONY L. SCHILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | RCFC 15(a)(2) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the court is pro se plaintiff Anthony Schiller's motion for leave to amend the complaint (plaintiff's motion), ECF No. 10, filed September 17, 2015. Plaintiff provides the following grounds for his motion:

> (1) that he is a laymen of the [federal] laws . . . [,] (2) his claims/cause is factual and must be addressed as a public importance, and [are] major injustices that are not moot[,] [and] (3) plaintiff doesn't/didn't have a proper claims form and respectfully seeks/requests such a form/format structure to "proceed properly."

Id. (capitalization omitted).

Rule 15(a)(1) of the Rules of the United States Court of Federal Claims (RCFC) provides that "[a] party may amend its pleadings once as a matter of course within: (A) 21 days after service of the pleading; or (B) . . . 21 days after service of a motion under RCFC 12(b)." Plaintiff's motion was filed 91 days after the filing of his complaint and 31 days after the filing of defendant's Rule 12(b)(1) motion to dismiss. See Compl., ECF No. 1, June 18, 2015; Def.'s Mot. to Dismiss, ECF No. 8, Aug. 17, 2015. Thus, plaintiff may not avail himself of Rule 15(a)(1).

Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice so requires." "It is well established that the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court." Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989). The court should liberally exercise its discretion to grant leave to amend. Id. at 1403–04.

First, as to plaintiff's grounds that he is a "laymen of the [federal] laws," the court advises that pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (stating that pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers"); Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (noting that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). That being said, pro se plaintiffs must nevertheless meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (per curiam); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only.").

Second, as to plaintiff's grounds that he did not "have a proper claims form," the court does not have such a "claims form." Instead, the court directs plaintiff's attention to the court's webpage, which provides relevant information for pro se litigants: http://www.uscfc.uscourts.gov/pro-se-information.

The court now turns to plaintiff's grounds that his claims are "factual and must be addressed as a public importance," and that they constitute "major injustices that are not moot." It is unclear to the court what new claims or facts plaintiff seeks to add to his complaint. The court nevertheless permits plaintiff the opportunity to amend his complaint. As such, plaintiff's motion is **GRANTED**. Plaintiff may file an amended complaint on or before October 2, 2015. Per RCFC 15(a)(3), defendant shall have "14 days after service of the amended pleading" to respond.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge