# In the United States Court of Federal Claims

No. 15-628C

(Filed: December 28, 2015)

NOT FOR PUBLICATION

FILED

DEC 28 2015

U.S. COURT OF
FEDERAL CLAIMS

|   |   |
|---|---|
| ANTHONY L. SCHILLER, | ) |
| Plaintiff, | ) Pro Se Complaint; Dismissal for Lack of<br>) Jurisdiction Under RCFC 12(b)(1); Not in<br>) Interest of Justice to Transfer Under 28 |
| v. | ) U.S.C § 1631 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

ORDER

    Pro se plaintiff Anthony Schiller, who is currently incarcerated at Liberty Correctional Institution in Bristol, Florida, filed a complaint against certain government officials in this court on June 18, 2015, for what appears to be allegations of tortious acts and criminal violations against certain government officials. ECF No. 1. Defendant filed a Rule 12(b)(1) motion to dismiss on August 17, 2015. ECF No. 8. Plaintiff filed a motion for leave to amend his complaint on September 17, 2015, ECF No. 10, which the court subsequently granted, ECF No. 11. By order dated September 18, 2015, the court afforded plaintiff until October 2, 2015 to file an amended complaint. Id. at 2. On October 19, 2015, plaintiff signed and mailed to the court a document styled as a "motion for extension of time" (plaintiff's motion or Pl.'s Mot.). See Pl.'s Mot. 1, ECF No. 13. The court did not receive plaintiff's motion until October 26, 2015.[1] Id.

    Plaintiff claimed that he did not receive the court's September 18, 2015 order until October 7, 2015—five days after the court-ordered due date for an amended complaint. See id. Plaintiff also claimed that he works five to six days a week and was unable to access the Correctional Institution's law library. Id. Plaintiff requested an extension of time of ninety days to respond to the court's September 18, 2015 order. See id. The

---

[1] On October 20, 2015—after plaintiff sent the motion but before it was received by the court—the court ordered plaintiff to either file an amended complaint or respond to defendant's motion to dismiss on or before November 6, 2015. ECF No. 12.

court granted plaintiff an additional forty-five days, or until December 17, 2015, to file an amended complaint or response to defendant's motion to dismiss. ECF No. 14.

On December 18, 2015, the Clerk of Court received a document from plaintiff styled "Affidavit/Complaint/Extension/T.R.O./Instructions." The document was filed on this same date as a motion for extension of time to amend complaint and motion for a temporary restraining order. ECF No. 16.

The court **DENIES** plaintiff's motion for an extension of time to amend his complaint as the proposed amended complaint is not substantially different than the earlier one. Moreover, for the reasons explained below, the court finds that it lacks jurisdiction to consider plaintiff's claims. Accordingly, plaintiff's motion for a temporary restraining order is **DENIED** and defendant's motion to dismiss is **GRANTED**. The case is **DISMISSED** without prejudice for lack of jurisdiction pursuant to RCFC 12(b)(1).

I.   Legal Standard

In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (internal quotation marks omitted). Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014); Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act grants this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is jurisdictional and does not create, by itself, any substantive right to recover against the United States. United States v. Mitchell, 463 U.S. 206, 216 (1983); United States v. Testan, 424 U.S. 392, 398 (1976). Thus, a plaintiff in this court must rest his or her claim on a money-mandating provision of law that confers a substantive right enforceable against the federal government for money damages. See Testan, 424 U.S. at 398.

II.   Discussion

A.   The Court Lacks Jurisdiction over Plaintiff's Claims

The court finds that it lacks jurisdiction over plaintiff's apparent claims against certain government officials for alleged tortious and criminal acts.

First, as defendant points out,

> [t]he United States is the only proper defendant in this Court. *See* RCFC 10(a) ("The title of the complaint must name all the parties ... with the United State designated as the party defendant ...."). This Court lacks jurisdiction over suits against individual Federal and state officials. *Brown [v. United States]*, 105 F.3d [621,] 624 [Fed. Cir. 1997]; Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). Thus, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted).

Def.'s Mot. 3, Aug. 17, 2015, ECF No. 8.

Plaintiff improperly names government officials by name, rather than the United States, as defendants in this case. Thus, plaintiff's claims are outside the jurisdiction of the court.

Moreover, even if the complaint were construed to assert claims against the United States, the court does not possess jurisdiction to entertain plaintiff's claims of tortious and criminal conduct. Tort claims are beyond the jurisdiction of this court. 28 U.S.C. § 1491(a)(1) (2012); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007); Hernandez v. United States, 96 Fed. Cl. 195, 203-04 (2010); Leitner v. United States, 92 Fed. Cl. 220, 224. Claims for criminal violations also are beyond the jurisdiction of this court. *See* Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

For the foregoing reasons, the court lacks jurisdiction to entertain plaintiff's claims. Thus, plaintiff's complaint must be dismissed pursuant to RCFC 12(b)(1), *see* Sherwood, 312 U.S. at 588; Brown, 105 F.3d at 624; Berdick, 612 F.2d at 536.

    B.    Transfer Under 28 U.S.C. § 1631

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631. *See* Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought. . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include 'spurious and specious arguments'" (quoting Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987)).

"A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (alteration in original) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)). "The basic test ... for determining if a case should be transferred is whether it would be in 'the interest of justice' to do so." Busby School of N. Cheyenne Tribe v. United States, 8 Cl. Ct. 588, 595 (1985).

The court finds that it would not be in the interest of justice to transfer this case to another venue. Plaintiff has filed at least six other cases in federal courts alleging the same or similar causes of action as the case at hand and all six cases were dismissed. Further, plaintiff has filed at least 1,000 administrative grievances raising these same allegations. Thus, transfer of this case is not appropriate.

III. Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. Accordingly, plaintiff's motions to amend complaint and for a temporary restraining order are **DENIED** and defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge